```
IN THE UNITED STATES DISTRICT COURT
 FOR THE EASTERN DISTRICT OF NORTH CAROLINA
              EASTERN DIVISION
```

```
MARILENA PEREZ and MARIAM MALAVE-VEGA, )
on behalf of themselves and all other  )
similarly situated persons,            )
                                       )
            Plaintiffs,                )
                                       )
v.                                     )    COMPLAINT
                                       )
BUTTERBALL, LLC, NORTH STATE SERVICES, )    COLLECTIVE ACTION
LLC, TIMOTHY REID FULCHER, and HEATHER )    29 U.S.C. § 216(b)
BROOKE FULCHER,                        )
                                       )    CIVIL ACTION NO.:
            Defendants.                )
_____)
```

I.  PRELIMINARY STATEMENT

1. This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) by two former employee plaintiffs and the similarly situated employees they seek to represent against Butterball, LLC ("Butterball") and its contractor, North State Services, LLC ("North State"), a closely held limited liability company managed, owned, and operated by defendant Timothy Reid Fulcher and his wife, defendant Heather Brooke Fulcher, as part of those two LLC's joint employment of the named plaintiffs and the similarly situated employees that they seek to represent in and around Mt. Olive, North Carolina in and around Wayne County, and Duplin County, North Carolina.

2. This employment occurred in those counties starting in May 2018 and continued through 2019 and is continuing and will continue in 2020 and through the date final judgment is entered in this action. This action is brought under the FLSA for unpaid overtime wages based upon the defendants' failure to pay the named plaintiffs and the group of workers they seek to represent in a collective action pursuant to 29

1

U.S.C. § 216(b) the wages they were due at the overtime rate required by 29 U.S.C. § 207(a)(1) when the defendants jointly and severally employed the plaintiffs and that group of workers to regularly perform in excess of forty hours worked in the same workweek cleaning the Butterball, LLC cafeteria, breakroom, and locker room areas that Butterball, LLC provided and provides in its 675,000 square foot poultry processing plant near Mt. Olive, North Carolina for the use of the thousands of workers Butterball, LLC employs in that plant on a daily basis.

4. In the alternative, in the event that it is determined that defendant Butterball, LLC and defendant North State Services, LLC did not jointly employ the two named plaintiffs and the employees they seek to represent in this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, and the named plaintiffs and the employees they seek to represent were not employed by defendant North State Services, LLC in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i)-(ii), then the two named plaintiffs allege a claim against defendant North State Services, LLC and its two manager-members for their failure to pay the two named plaintiffs wages when due on their regular weekly payday at the overtime rate required by N.C.Gen.Stat. § 95-25.4 plus an equal additional amount in liquidated damages pursuant to N.C.Gen.Stat. § 95-25.22(a1).

5. Based upon their claim under 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act and the plaintiffs' alternative claim under N.C.Gen.Stat. §§ 95-25.4, 95-25.22(a), and 95-25.22(a1) of the NCWHA that are described in ¶4 above, the plaintiffs and the collective group of workers they seek to represent under the FLSA seek payment of back wages and an equal amount of liquidated damages, attorney fees, and

costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d). In the alternative, the two named plaintiffs seek back wages, liquidated damages, interest, costs, and attorney fees under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, 95-25.22(a), and 95-25.22(a1) and 95-25.22(d).

## II. JURISDICTION

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

7. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

## III. VENUE

8. Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), 1391(c)(2), and 1391(d), and 29 U.S.C. §216(b). At all times relevant to this action continuing through the present date, a substantial part of the events or omissions by the defendants giving rise to this action occurred in one or more of the counties listed in 28 U.S.C. § 113(a), defendant North State Services, LLC had and continues to have its principal office located at 2071 Sutton Hooten Lane, La Grange, Lenoir County, North Carolina 28551 at all times relevant to this action, and defendant Butterball, LLC had and continues to have its principal office located at One Butterball Lane, Garner, Wake County, North Carolina 27529-5971 at all times relevant to this action

## IV. NAMED PLAINTIFFS

9. Starting on or about November 29, 2018 and continuing through at least October 31, 2019, Butterball and North State jointly suffered and permitted plaintiff Marilena Perez (hereinafter "Perez") to do the manual labor required to clean the cafeteria, break rooms, and poultry processing employee locker rooms in the 675,000 square foot turkey

3

processing plant of Butterball, LLC located near Mt. Olive, North Carolina.

10. Starting on or about October 4, 2018 and continuing through at least May 28, 2019, Butterball and North State jointly suffered and permitted plaintiff Mariam Malave-Vega (hereinafter "Malave") to do the manual labor required to clean the cafeteria, break rooms, and poultry processing employee locker rooms in the 675,000 square foot turkey processing plant of Butterball, LLC located near Mt. Olive, North Carolina.

11. All of the employment that is described in ¶¶9-10 above occurred in and around Wayne County and Duplin County, North Carolina.

12. During the entire time period described in ¶¶9-11 the plaintiffs were lived in housing located in Wayne County, North Carolina.

V. <u>DEFENDANTS</u>

13. At all times relevant to this action, the defendant closely held for profit limited liability company North State Services, LLC (hereinafter referred to as "North State") was and continues to be a business enterprise jointly owned and operated by defendant member-managers Heather Brooke Fulcher ("Mrs. Fulcher") and Timothy Reid Fulcher ("Mr. Fulcher") of 2071 Sutton Hooten Lane, LaGrange, North Carolina 28551, since at least May 9, 2018.

14. At all times relevant to this action, defendants Heather Brooke Fulcher and Timothy Reid Fulcher, acting jointly or through their general manager, Casimiro Lucas Melendez, personally hired each of the named plaintiffs and the employees that they seek to represent that are described in ¶¶25-26 of this Complaint as part of the day to day activities of defendants Mr. and Mrs. Fulcher.

4

15. At all times relevant to this action, defendant Mr. and Mrs. Fulcher Flores, acting in their capacity as the Member/Managers and owners of North State, and through their general manager, Mr. Melendez, personally directed and controlled the work of the named plaintiffs and the employees that they seek to represent by personally making the day to day decisions as to how and when to discipline or discharge the named plaintiffs and the similarly situated employees they seek to represent, the wage rate to be paid to the plaintiffs and their similarly situated employees, and the form in which those wages were to be paid as part of the day to day activities of those two defendants.

16. Upon information and belief, defendant Butterball assisted defendant North State in this process on a daily basis during the workday of the named plaintiffs and the workers they seek to represent in this FLSA collective action through the daily actions of a management employee of Butterball, LLC who personally reviewed the manner in which the named plaintiffs and their similarly situated employees performed the manual labor required to clean the cafeteria, break rooms, and poultry processing employee locker rooms in the 675,000 square foot turkey processing plant of Butterball, LLC located near Mt. Olive, North Carolina, and communicated on a daily and regular basis with one or both of the individual Fulcher defendants or their General Manager Mr. Melendez during that same workday to modify the performance of that cleaning work by the plaintiffs and the similarly situated employees they seek to represent in the way and to the extent that Butterball required during that same workday while that work was performed by the named plaintiffs and the similarly situated employees they seek to represent.

17. Upon information and belief, at all times relevant to this

5

action, defendants North State and Mr. and Mrs. Fulcher, acting jointly and severally in their capacity as member-managers of the limited liability company North State, were organized and hired by Butterball to provide workers to do the manual labor required to clean the cafeteria, break rooms, and poultry processing employee locker rooms in the 675,000 square foot turkey processing plant of Butterball, LLC located near Mt. Olive, North Carolina and other related services at that plant as the principal part of North State's business enterprise. On information and belief, without the funds that Butterball, LLC provided to North State on a weekly basis, North State and Mr. and Mrs. Fulcher would have been financially unable to pay the plaintiffs and the similarly situated employees they seek to represent. On information and belief, North State did not work with any company other than Butterball in the provision of workers to perform plant cleaning services.

18. On information and belief, at all times relevant to this action, the house from which defendant North State and the individual defendants jointly operated the business enterprise described in ¶17 above was and continues to be located at 2071 Sutton Hooten Lane, La Grange, Lenoir County, North Carolina 28551.

19. At all times in the two year time period immediately preceding the date on which this action was filed and continuing thereafter, the named plaintiffs and/or the similarly situated employees of North State, the two individual defendants, and Butterball, LLC that are described in ¶¶9-18, inclusive, above of this complaint were jointly and severally employed by Butterball, LLC and North State in the business enterprises operated by Butterball, LLC and the two individual defendants that are described in ¶¶9-18 above and ¶¶20-22 below to perform the manual cleaning work that is descried in ¶17 above for

6

Case 5:20-cv-00113-FL   Document 1   Filed 03/23/20   Page 6 of 20

varying periods of time described in ¶¶9-18 and 20-22, inclusive above and below of this complaint in those same enterprises. At all times relevant to this action, the two individual defendants, North State, and defendant Butterball, LLC regularly and jointly employed a workforce of approximately thirty (30) to forty (40) employees that defendants North State and Butterball, LLC assigned to work to perform different tasks on any given day at different locations in the Butterball, LLC poultry processing plant located at different locations in the Butterball, LLC poultry processing plant with different crews.

20. At all times relevant to this action, the defendant closely held for profit limited liability company Butterball, LLC (hereinafter referred to as "Butterball") was and continues to be a business enterprise owned and operated by a number of different member/managers including but not limited to James L. Maxwell III and J. Walter Pelletier III of Goldsboro, North Carolina since at least September 27, 2006.

21. Upon information and belief and using the rolling quarter methodology described in 29 U.S.C. § 779.266(b), during each of the four full calendar quarters immediately preceding the calendar quarter that includes November 2018, starting with the calendar quarter beginning on July 1, 2017 and continuing the present calendar quarter, the enterprise of Butterball:

    (a) had and has employees of defendant Butterball handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by some person or entity other than the defendants, and

    (b) was an enterprise whose annual gross volume of sales made or business done is and was not less than $500,000 (exclusive of

7

excise taxes at the retail level that are separately stated).

22. Upon information and belief and using the rolling quarter methodology described in 29 U.S.C. § 779.266(b), during each of the four full calendar quarters immediately preceding the calendar quarter that includes November 2019, starting with the calendar quarter beginning on July 1, 2018 and continuing the present calendar quarter, the enterprise of North State:

(a) had and has employees of defendant North State handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by some person or entity other than the defendants, and

(b) was an enterprise whose annual gross volume of sales made or business done is and was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

VI. FLSA COLLECTIVE CLASS ACTION ALLEGATIONS

23. The named plaintiffs maintain this action against all of the defendants, jointly and severally, for and on behalf of themselves and all other similarly situated current and/or former joint employees of the defendants who jointly and regularly employed them and those other similarly situated persons in the enterprises of Butterball, LLC and/or North State that are described in ¶¶13-22 above to perform hours worked in excess of 40 hours in the same workweek in the manual labor required to clean the cafeteria, break rooms, and poultry processing employee locker rooms in the 675,000 square foot turkey processing plant of Butterball, LLC located near Mt. Olive, North Carolina in and around Wayne County and Duplin County, North Carolina for each such workweek ending in the two chronological years immediately preceding the date on which this action was filed and continuing thereafter ending on the date

final judgment in this action is entered by a U.S. District Court pursuant to the collective action procedure specified at 29 U.S.C. §216(b) for each such similarly situated current and/or former person(s) who was or will be jointly employed by those defendants in that same time period who files, will file, or who has filed a written consent to be a party to this action that is required by 29 U.S.C. §216(b) within the applicable statute of limitation(s) for any such workweek.

24. The collective action of similarly situated persons under 29 U.S.C. §216(b) described in ¶23 above includes all of the named plaintiffs and all persons who were jointly or severally and similarly employed by one or both of the named defendants when the defendants failed to pay them the overtime premium required by 29 U.S.C. § 207(a)(1) of 50% of the "regular rate" of wages for all hours worked over 40 in the same workweek for each such workweek falling within the time period described in ¶23 above when that "regular rate" was and is calculated by totaling all of the weekly sums received by each of the named plaintiffs and each of those similarly situated employees that the named plaintiffs seek to represent at such day rates or job rates that one or more of the defendants paid to the named plaintiffs and those similarly situated employees, and dividing those weekly sums by the total hours actually worked by each named plaintiff and each such similarly situated employee in that same workweek.

VII. <u>RULE 23(b)(3) ALTERNATIVE CLASS (NCGS § 95-25.4 and 95-25.6)</u>

25. In the alternative in the event that North State is not a covered enterprise under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A)(i)-(ii), and the named plaintiffs and the similarly situated employees described in ¶¶23-24 above were not jointly employed by North State and Butterball, the named plaintiffs seek to represent a

9

Case 5:20-cv-00113-FL   Document 1   Filed 03/23/20   Page 9 of 20

class of persons under Rule 23(b)(3), Fed. R. Civ. P., for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.2(16), 95-25.4, 95-25.6, and 95-25.22, and 13 NCAC Tit. 12 §§ .0803 and .0805 that consists of the named plaintiffs and all other similarly situated current and/or former persons whom defendants North State and Mr. and Mrs. Fulcher jointly and severally employed in the defendants' enterprise described in ¶¶9-19 above who were not employed in a bona fide executive capacity under 29 U.S.C. § 213(a)(1), and who:

(a) Performed over 40 hours worked in the manual labor required to clean the cafeteria, break rooms, and poultry processing employee locker rooms in the 675,000 square foot turkey processing plant of Butterball, LLC located near Mt. Olive, North Carolina and other related services at that plant in any workweek in the two years immediately preceding the date on which this action was filed and continuing thereafter until a court of competent jurisdiction enters final judgment in this action, and

(b) Were not paid at the rate required by N.C.Gen.Stat. § 95-25.4 for the hours worked described in ¶25(a).

26. On information and belief, the class defined in ¶25(a)-(b) above of this complaint consists of in excess of 40 persons. Joinder of all class members would be impracticable if not impossible based upon the extreme geographic dispersion of many of the class members who are former employees of the North State and Fulcher defendants, the limited education possessed by a significant number of the class members, and the limited ability to communicate in English of a significant number of the class members.

27. The questions of law or fact which are common to the members of this class, and which predominate over any other questions affecting

the individual members of this class under Rule 23(b)(3), Fed.R.Civ.P., are: (a) Whether the North State defendants and Fulcher defendants jointly operated the North State enterprise that is alleged and described in ¶¶9-19 above of this complaint? (b) Whether the North State defendants and Fulcher defendants jointly and severally employed the named plaintiffs and the class members defined in ¶¶25(a)-(b) above that they seek to represent as part of the North State enterprise that is described in ¶¶9-19 above? (c) Whether the North State defendants and Fulcher defendants jointly and severally employed the plaintiffs and the members of the class defined in ¶¶25(a)-(b) above for in excess of 40 hours worked during any workweek during the time period covered by the class defined in ¶¶25(a)-(b) above? (d) whether the North State and Fulcher defendants are covered by the FLSA; and (e) whether the records of the defendants demonstrate that the named plaintiffs and the putative members of the class defined in ¶25(a)-(b) above performed hours worked in excess of forty (40) hours in the same workweek for which they were not fully paid all wages when due on their regular weekly payday?

28. The claim of the named plaintiffs are typical of the claims of the class of persons defined in ¶¶25(a)-(b) above in that the North State defendants and Fulcher defendants jointly and severally employed them and those class members defined in ¶¶25(a)-(b) above in the North State enterprise described in ¶¶9-19 above to perform hours worked in excess of 40 hours in the same workweek in the manual labor required to clean the cafeteria, break rooms, and poultry processing employee locker rooms in the 675,000 square foot turkey processing plant of Butterball, LLC located near Mt. Olive, North Carolina and other related services at that plant and failed to pay them and those same putative class members promised wages at the overtime rate required by N.C.Gen.Stat. § 95-25.4

11

when those weekly wages were due for each hour or part of an hour(s) worked that the North State and Fulcher defendants jointly and severally employed the named plaintiffs and those same class members they seek to represent to perform that same cleaning work for in excess of 40 hours worked in the same workweek.

29. The named plaintiffs will fairly and adequately represent the interests of the class of persons defined in ¶¶25(a)-(b) above of this complaint. The undersigned counsel for the named plaintiffs is an experienced litigator who has been name counsel for many class actions.

30. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶¶25(a)-(b) under Rule 23(b)(3).

31. A class action under Rule 23(b)(3) is superior to other a1vailable methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶¶25(a)-(b) above, substantially diminish the interest of members of the class defined in ¶¶25(a)-(b) to individually control the prosecution of separate actions;

(b) Many members of the class defined in ¶¶25(a)-(d) are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) Upon information and belief, there is no pending litigation against the corporate and individual defendants named in this action by the members of the class defined in ¶¶25(a)-(b) above to determine the questions presented, and, upon information and belief, the FLSA and NCWHA claims alleged in this action have not been the subject of any

previous litigation;

(d) It is desirable that the claims be heard in this forum because the North State's sole permanent office is located in this district, the two individual defendants reside in this district, and the cause of action arose in this district;

(e) A class action can be managed without undue difficulty because the North State and individual Fulcher defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶¶25(a)-(b) above.

VIII. FACTUAL ALLEGATIONS

32. In late November 2018 and continuing through at least October 31, 2019 plaintiff Perez, in early October 2018 and continuing through late May, 2019 plaintiff Malave, and those similarly situated employees described in ¶¶23-24 above were and/or will be jointly employed by North State and Butterball to perform the manual labor required to clean the cafeteria, break rooms, and poultry processing employee locker rooms in the 675,000 square foot turkey processing plant of Butterball, LLC located near Mt. Olive, North Carolina.

33. With the exception of perhaps the first workweek of their employment, North State and Butterball suffered and permitted the named plaintiffs and all similarly situated persons who were jointly employed by the defendants to perform the work described in ¶25 above for in excess of 50 hours in every workweek that they were so employed at the straight hourly rate of $10/hour without payment of any overtime premium required by 29 U.S.C. § 207(a)(1).

34. In the alternative in the event that North State is not a covered enterprise under the FLSA pursuant to 29 U.S.C. §

13

203(s)(1)(A)(i)-(ii), and the named plaintiffs and the similarly situated employees described in ¶¶23-24 above were not jointly employed by North State and Butterball, North State and Mr. and Mrs. Fulcher suffered and permitted the named plaintiffs and the employees described in ¶¶25(a)-(b) above to perform the work that is described in ¶32 above for in excess of 50 hours in every workweek that they were employed by North State and Mr. and Mrs. Fulcher at the straight hourly rate of $10/hour without payment of any overtime premium required by N.C.Gen.Stat. § 95-25.4 on their regular weekly payday as required by N.C.Gen.Stat. § 95-25.6.

35. The failure to pay the overtime rate required by 29 U.S.C. § 207(a)(1) or by N.C.Gen.Stat. § 95-25.4 occurred on the regular payday for each such workweek when defendant North State wrote two paychecks to the named plaintiffs and those similarly situated employees and members of the class described in ¶¶25(a)-(b) for the hours worked by each of the named plaintiffs and those employees. The first paycheck was for the first 40 hours worked during that workweek, and applicable wage and social security taxes were withheld from that wage payment of $400 at the rate of $10/hour for those 40 hours worked. The second check was for those hours worked by the named plaintiffs and those same employees in that same workweek which were in excess of 40 hours worked, and were also paid at the rate of $10/hour but without withholding for any applicable wage and social security taxes on that wage payment.

36. From the beginning and throughout the time period relevant to this action, the first check was written on the payroll account of North State. For the early part of the time period relevant to this action, the second check was written on the personal checking account of the individual Fulcher defendants. After that early period ended, North

14

State and Mr. and Mrs. Fulcher decided to write that second check on the payroll account of North State.

37. For the entire time period of their joint employment by North State and Butterball, the named defendants failed to pay all of the named plaintiffs and the similarly situated employees they seek to represent at the overtime rate required by 29 U.S.C. § 207(a)(1) that they were obligated to pay them on all weekly paydays in that same time period for all workweeks described in ¶¶23-24, 30-33, and 35-36 above for each of the workweeks in that time period when those same plaintiffs and similarly situated employees worked over 40 hours in the same workweek.

38. In the alternative, in the event that North State is not a covered enterprise under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A)(i)-(ii), and the and the named plaintiffs and the similarly situated employees described in ¶¶23-24 above were not jointly employed by North State and Butterball, North State and Mr. and Mrs. Fulcher failed to pay the named plaintiffs and the class described in ¶¶25(a)-(b) at the overtime rate required by N.C.Gen.Stat. § 95-25.4 that they were obligated to pay them on all weekly paydays in that same time period for all workweeks described in ¶¶32 and 34-36 above for each of the workweeks in that time period when those same plaintiffs and similarly situated employees worked over 40 hours in the same workweek.

39. Defendants Mr. Fulcher and Mrs. Fulcher decided how to pay their employees (by payroll check and/or by their personal check) and with wage records or wage advices which inaccurately reflected the weekly total of hours worked for each workweek. Defendants Mr. Fulcher and Mrs. Fulcher also specifically decided that North State would pay wages strictly on a straight and stipulated daily rate with no

15

additional compensation to the named plaintiffs and the other persons whom North State and the Fulcher defendants furnished to Butterball to perform that same work in those same workweeks even when the quantity of hours worked in that task exceeded 40 hours in any workweek in which the named plaintiffs and those same other employees were jointly employed by the defendants to perform that work.

40.     Upon information and belief, before June 1, 2019, the North State defendants did not provide nor pay for workers' compensation insurance for the work performed by the named plaintiffs and the workers that North State furnished to Butterball to perform the cleaning work that was an integral part of operation of the 675,000 square foot poultry processing plant operated by Butterball near Mt. Olive, North Carolina.

41.     Other than low cost cleaning substances and hand tools for cleaning, the cleaning services provided by the North State defendants to Butterball, LLC did not require any significant outlay of capital other than the funds necessary to pay wages to the named plaintiffs, their co-workers, and approximately 30 other workers were used to do the cleaning work as part of the services provided by North State to Butterball, LLC.

42.     Long before 2015, each of the defendants was and continues to be an experienced employer who was and continues to be familiar with the FLSA and the NCWHA, and the requirements of both of those statutes with respect to what they require and required with respect to the wage rate to be paid for work in excess of forty (40) hours in the same workweek, and what is and was considered to be the regular rate at which an employed under the FLSA and the NCWHA. Each of the defendants acted in reckless and willful disregard of the requirements of the FLSA with

respect to these matters, and as a consequence of this willful and reckless disregard of the rights of the named plaintiffs and the members of the collective action defined in ¶¶23-24 above and the rights of the named plaintiffs and alternative NCWHA class action members described in ¶¶25(a)-(b) above to payment of wages at the overtime rate required by 29 U.S.C. § 207(a) or N.C.Gen.Stat. § 95-25.4 has been violated for the entire two-year time period immediately preceding the date on which this action was filed.

IX. <u>FIRST CLAIM FOR RELIEF (FLSA § 207)</u>

43. Paragraphs 1 through 42 above are realleged and incorporated herein by reference by the named plaintiffs and each member of the collective action described in ¶¶23-24 above of this complaint that the named plaintiffs seek to represent pursuant to 29 U.S.C. §216(b) against all defendants, jointly and severally.

44. The defendants did not pay all wages due to the named plaintiffs and the collective group of persons defined in ¶¶23-24 above of this complaint that the named plaintiffs seeks to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶9-24, inclusive, ¶¶32-33, ¶¶35-37, 39-40, and 41-42 above of this Complaint that was part of the defendants' enterprises that are described in ¶¶13-22 above.

45. As a result of the actions and willful and reckless disregard of the right of the plaintiffs and the members of the collective action defined in ¶¶23-24 above to payment of wages at the overtime rate required and described in 29 U.S.C. § 207(a), the named plaintiffs and each such collective action member have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

17

X.   SECOND ALTERNATIVE CLAIM FOR RELIEF (NCWHA §§ 95-25.4 & 95-25.6)

43. In the alternative, in the event that North State is not a covered enterprise under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A)(i)-(ii), and the and the named plaintiffs and the similarly situated employees described in ¶¶23-24 above were not jointly employed by North State and Butterball, paragraphs 1 through 19, 25-31, 34-35, and 38-41 above are realleged and incorporated herein by reference by the named plaintiffs against the North State and Fulcher defendants, jointly and severally.

44. As a direct and proximate result of the actions of the North State and Fulcher defendants that are described in ¶¶25-31, 34-35, and 38-39 above of this Complaint, the North State and Fulcher defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiffs and the class of persons described in ¶¶25(a)-(b) above for the work described in ¶¶9-19, 34-35, and 38-39 above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

45. As a result of these actions of the North State and Fulcher defendants in violation of the rights of the named plaintiffs, the named plaintiffs and the members of that class have suffered damages in the form of unpaid wages, interest on unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

WHEREFORE Plaintiffs respectfully request that the Court:

(a)   Grant a jury trial on all issues so triable;

(b)   Certify the named plaintiffs as representative of the group of persons defined in ¶¶23-24 above of this Complaint in a collective action for back wages and liquidated damages under 29 U.S.C. §§ 207(a)

18

Case 5:20-cv-00113-FL   Document 1   Filed 03/23/20   Page 18 of 20

and 216(b) pursuant to 29 U.S.C. §216(b);

(c) In the alternative to certification of the plaintiffs as representative of the group of persons defined in ¶¶23-24 above as prayed for in ¶(b) above of the Prayer for Relief, certify the named plaintiffs as representatives of the class of persons defined in ¶¶25(a)-(b) above of this Complaint in a class action under Rule 23(b)(3), Fed.R.Civ.P., for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, 95-25.22(a), and 95-25.22(a1);

(d) Enter judgment under the FLSA against defendants North State Services, LLC, Butterball, LLC, Timothy Reid Fulcher, and Heather Brooke Fulcher, jointly and severally, and in favor of the named plaintiffs and each member of the collective action defined in ¶¶23-24 above for compensatory damages against all of those same defendants, jointly and severally, under the First Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiffs and each member of that same collective action under 29 U.S.C. §§ 207(a) and 216(b) for any workweek in which the named plaintiffs and each member of that same collective action performed any of the work described in ¶¶9-24, inclusive, and ¶¶32-33, 35-37, and 39-42 above of this Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. § 216(b) pursuant to 29 U.S.C. § 216(b);

(e) In the alternative to the damages prayed for in ¶(d) above of the Prayer for Relief, enter judgment under the NCWHA against defendants North State Services, LLC, Timothy Reid Fulcher, and Heather Brooke Fulcher, jointly and severally, and in favor of the named plaintiffs and the class of persons defined in ¶¶25(a)-(b) above for compensatory damages against those same defendants, jointly and severally, under the Second Claim for Relief in an amount equal to the total of the unpaid

19

wages due each of the named plaintiffs and each member of the class defined in ¶¶25(a)-(b) above under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.4, 95-25.6, 95-25.22(a), and 95-25.22(a1) for any workweek in which the named plaintiffs and any class member performed any of the work described in ¶¶9-19, 25-31, 34-35, and 38-39 above of this Complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a);

(f) Award the named plaintiffs the costs of this action against the defendants North State Services, LLC, Butterball, LLC, Timothy Reid Fulcher, and Heather Brooke Fulcher, jointly and severally;

(g) Award the named plaintiffs' reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b) against the defendants North State Services, LLC, Butterball, LLC, Timothy Reid Fulcher, and Heather Brooke Fulcher, jointly and severally;

(h) Award such other relief as may be just and proper in this action.

This the 23rd day of March, 2020.

    LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/<u>Robert J. Willis</u>
    Robert J. Willis
    Attorney at Law
    NC Bar #10730
    (mailing address)
    P.O. Box 1828
    Pittsboro, NC 27312
    Tel:(919)821-9031
    Fax:(919)821-1763
    488 Thompson Street
    Pittsboro, NC 27312
    Counsel for Plaintiffs
    rwillis@rjwillis-law.com