IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

MARILENA PEREZ and MIRIAM
MALAVE-VEGA, on behalf of themselves
and all other similarly situated persons,

        Plaintiffs,

v.

BUTTERBALL, LLC, NORTH STATE
SERVICES, LLC, TIMOTHY REID
FULCHER, and HEATHER BROOKE
FULCHER,

        Defendants.

Case No.: 5:20-cv-00113-FL

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into this the 10th day of July, 2020, by and between Marilena Perez and Miriam Malave-Vega (together, "Plaintiffs"), and Butterball, LLC, North State Services, LLC, Timothy Reid Fulcher, and Heather Brooke Fulcher (together, "Defendants").

WITNESSETH:

WHEREAS, North State Services, LLC ("North State") provides certain cleaning services at Butterball, LLC ("Butterball"); and,

WHEREAS, Butterball owns and operates a turkey processing plant in Mount Olive, North Carolina;

WHEREAS, Plaintiffs are former employees of North State who were assigned to provide cleaning services on behalf of North State at Butterball;

WHEREAS, Plaintiffs were not employees or independent contractors of Butterball; and,

WHEREAS, Plaintiffs instituted an action in the United States District Court for the Eastern District of North Carolina, Western Division, which is captioned *Marilena Perez, et al. v. Butterball, LLC, et al.*, and denominated as Civil Action No.: 5:20-cv-00113-FL (the "Action"); and,

WHEREAS, in the Action, Plaintiffs sought relief under the Fair Labor Standards Act and, alternatively, under the North Carolina Wage and Hour Act (the "Acts"); and,

WHEREAS, Defendants have denied all of Plaintiffs' claims and denied any liability to Plaintiffs; and,

WHEREAS, Plaintiffs and Defendants recognize the risk and expense associated with litigation; and,

WHEREAS, Plaintiffs and Defendants desire to settle all matters in controversy between the parties arising out of the above-referenced Action.

NOW, THEREFORE, in consideration of the mutual covenants, the promises and other good and valuable considerations, the sufficiency of which hereby are acknowledged, the undersigned parties agree as follows:

1.  **Joint Motion for Settlement Approval.** Within ten (10) days of the execution of this Agreement, the parties agree to file a joint motion for approval of this Agreement. The parties agree that this Agreement is only valid if the Court approves the Agreement.

2.  **Payment to the Plaintiffs.**

    a.  North State Services, LLC agrees to pay Miriam Malave-Vega the gross sum of Three Thousand One Hundred Thirty-Five Dollars ($3,135.00), which amount represents the sum of the amount of back wages represented on page one of the spreadsheet attached hereto

2

as **Exhibit B** and doubled for liquidated damages. The amount of back wages is equal to the difference between the total amount specified for Miriam Malave-Vega in the Total Gross column on page 1 of **Exhibit B** and the total amount indicated for Miriam Malave-Vega in the Payment Amount column on page 1 of **Exhibit B**.

       b.    North State Services, LLC agrees to pay Marilena Perez the gross sum of Fourteen Thousand Six Hundred Eighty-Two Dollars ($14,682.00), which amount represents the sum of the amount of back wages represented on the spreadsheet attached hereto as **Exhibit B** and doubled for liquidated damages. The amount of back wages is equal to the difference between the total amount specified for Marilena Perez in the Total Gross column on page 1 of **Exhibit B** and the total amount indicated for Marilena Perez in the Payment Amount column on page 1 of **Exhibit B**.

       c.    North State Services, LLC will withhold applicable wage taxes on 50% of each of the amounts described above in subparagraphs (a) and (b) as back wages and shall timely issue Forms W-2 for each Plaintiff.

       d.    North State Services, LLC will issue Forms 1099 to each Plaintiff for the remaining 50% of each of the amounts described above in subparagraphs (a) and (b) as liquidated damages.

       e.    Each of the payments described above in subparagraphs (a) and (b) shall be made by check payable to the respective Plaintiff, delivered to the Law Office of Robert J. Willis, P.A., within thirty (30) days of the Court's approval of this Agreement.

       3.    **Payment of Costs and Attorneys' Fees.**

       a.    North State Services, LLC agrees to pay the gross sum of Ten Thousand Five Hundred Ten Dollars ($10,510.00), payable to the Law Office of Robert J. Willis, P.A. Ten

3

thousand dollars ($10,000.00) of this payment shall be for attorneys' fees, and North State Services, LLC shall issue a Form 1099 for this amount and for the amount paid for costs incurred by Plaintiffs in this Action. The remaining five hundred ten dollars ($510.00) of this payment shall be for costs incurred by Plaintiffs in this Action.

        b.      The payment described above in subparagraph (a) shall be made by check payable to the Law Office of Robert J. Willis, P.A. within thirty (30) days of the Court's approval of this Agreement.

        4.      **Stipulation of Voluntary Dismissal with Prejudice.** Within thirty (30) days of the Court's final approval of this Settlement Agreement and the Defendants' compliance with the terms of this Settlement Agreement, Defendants and Plaintiffs agree to execute and file with the Court a Joint Notice of Dismissal Pursuant to Rule 41(a)(1)(A)(ii), Fed.R.Civ.P. in the form attached hereto as **Exhibit C**.

        5.      **Release.** In consideration of the mutual covenants and promises set forth herein, the Plaintiffs shall execute a General Release of all claims against all Defendants, in the form of **Exhibit D** attached hereto and incorporated herein by reference.

        6.      **No Admission of Liability.** It is understood and agreed that this Agreement is a full and final compromise of disputed claims as to both questions of liability and as to the nature and extent of any damages, and that neither this Agreement, nor the terms and provisions contained herein, shall be construed as an admission of liability by any party to this Agreement, and any such liability is expressly and unequivocally denied by Defendants.

        7.      **Taxes.** Except as explicitly stated herein, Plaintiffs agree that they shall be solely responsible for all taxes, insurances, penalties, and other charges, if any, which may be owed to

4

or assessed by governmental agencies as a result of the payments made to them and their counsel.

8.     **Costs and Attorneys' Fees**.  Except as explicitly stated herein, all parties hereto shall bear their own costs and attorneys' fees in connection with the disputes and the claims raised in the Action that are the subject of this Agreement.

9.     **Governing Law and Venue**.  This Agreement shall be construed and governed in accordance with the laws of the State of North Carolina. Any action relating to this Agreement shall be instituted and prosecuted only in the United States and, specifically, exclusively in an appropriate state court within Duplin or Wayne County, North Carolina, or in an appropriate federal court within the Eastern District of North Carolina.

10.     **Severability**.  The invalidity of any particular provision of this Agreement shall not affect the other provisions hereof, which nevertheless shall continue in full force and effect.

11.     **Successors in Interest**.  This Agreement shall be binding upon and shall inure to the benefit of the successors, assigns, heirs, and personal representatives of the parties hereto.

12.     **Originals**.  This Agreement is to be signed in one (1) or more counterparts, each of which, when executed with the same formality and in the same manner as the original, shall constitute an original.

13.     **Descriptive Headings**.  The descriptive headings of the various sections hereof were formulated and inserted for convenience only and shall not be deemed to affect the meaning or construction of any of the provisions hereof.

14.     **Authority**.  The parties warrant that they are legally competent and fully empowered and authorized to execute this Agreement; that they have not conveyed or assigned, pledged, hypothecated, or otherwise disposed of any interest in the claims or causes of action

5

being released herein; and that there are no additional entities or persons affiliated with any party who are necessary to effectuate this Agreement and the release contained herein.

15. **Careful Reading and Voluntary Execution.** Each Plaintiff and Defendant, through their respective attorneys, acknowledges:

a. The terms of this Agreement are the product of mutual negotiations and compromise between each of the parties;

b. Each has been afforded a reasonable opportunity to consider the meaning and effect of this Agreement, and has had sufficient time to read and consider its terms and provisions, and each in fact has read the Agreement in its entirety and has considered its terms and provisions. Each has had the opportunity to comment upon, request interpretation of, and make or suggest changes to the Agreement, and each has been represented by counsel of their own choice throughout the negotiations and settlement of the matter; and

c. Each executes this Agreement freely and voluntarily, and has relied on its or his/her own attorney for advice and has not been induced or influenced in any way to enter into or execute this Agreement.

16. **Entire Consideration for this Agreement.** This document sets forth the entire consideration for this Agreement, which consideration is contractual and not a mere recital. All agreements and understandings between the parties are embodied and expressed herein.

17. **General.** Each party agrees to perform any further acts and deliver any additional documents that reasonably may be requested to carry out the provisions of this Agreement. The parties further agree that the recitals contained in the preceding WHEREAS paragraphs are incorporated herein by reference, and that the terms of this Agreement are contractual and not a mere recital.

6

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed under seal in such form as to be binding, as of the day and year written above.

Signed and executed this 29th day of June, 2020, by counsel for Plaintiffs on behalf of Plaintiffs, having received full and complete authorization to execute this document on their behalf.

/s/Robert J. Willis,
Robert J. Willis, Esq.
Counsel for the Plaintiffs

Signed and executed this 16th day of July, 2020.

North State Services, LLC

By: _____

Printed name: Timothy Reid Fulcher

Title: President

Signed and executed this 10th day of July, 2020.

_____
Timothy Reid Fulcher

Signed and executed this 10th day of July, 2020.

_____
Heather Brooke Fulcher

Signed and executed this ____ day of _____, 2020.

Butterball, LLC

By: _____

Printed name: _____

Title: _____

7

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed under seal in such form as to be binding, as of the day and year written above.

Signed and executed this 29th day of June, 2020, by counsel for Plaintiffs on behalf of Plaintiffs, having received full and complete authorization to execute this document on their behalf.

/s/Robert J. Willis,
Robert J. Willis, Esq.
Counsel for the Plaintiffs

Signed and executed this _____ day of _____, 2020.

North State Services, LLC

By: _____

Printed name: _____

Title: _____

Signed and executed this _____ day of _____, 2020.

_____
Timothy Reid Fulcher

Signed and executed this _____ day of _____, 2020.

_____
Heather Brooke Fulcher

Signed and executed this 7th day of July, 2020.

Butterball, LLC

By: _____

Printed name: Suzanne R. Griffin

Title: SVP, General Counsel

7

### 3723 - North State Services LLC
### Vendor Activity - Detailed
October 1, 2018 - October 31, 2019

| Date | Reference | Payment Amount | Reg Hours | OT hrs | Pay rate | OT rate | Total Gross |
|---|---|---|---|---|---|---|---|
| **Mariam Malave** | | | | | | | |
| | Beginning Balance | | | | | | |
| 10/5/18 | 1088 | 360.00 | 36.00 | - | 10.00 | 15.00 | 360.00 |
| 10/12/18 | 1114 | 840.00 | 40.00 | 44.00 | 10.00 | 15.00 | 1,060.00 |
| 10/18/18 | 1133 | 840.00 | 40.00 | 44.00 | 10.00 | 15.00 | 1,060.00 |
| 10/26/18 | 1155 | 600.00 | 40.00 | 20.00 | 10.00 | 15.00 | 700.00 |
| 11/1/18 | 1169 | 840.00 | 40.00 | 44.00 | 10.00 | 15.00 | 1,060.00 |
| 2/13/19 | 1507 | 240.00 | - | 24.00 | 10.00 | 15.00 | 360.00 |
| 2/28/19 | 1548 | 655.00 | - | 65.50 | 10.00 | 15.00 | 982.50 |
| 3/8/19 | 1556 | 720.00 | - | 72.00 | 10.00 | 15.00 | 1,080.00 |
| | **Totals for Mariam Malave** | 5,095.00 | | | | | 6,662.50 |
| **Marilena Perez** | | | | | | | |
| | Beginning Balance | | | | | | |
| 12/7/18 | 1270 | 170.00 | - | 17.00 | 10.00 | 15.00 | 255.00 |
| 12/31/18 | 1362 | 120.00 | - | 12.00 | 10.00 | 15.00 | 180.00 |
| 1/18/19 | 1406 | 720.00 | - | 72.00 | 10.00 | 15.00 | 1,080.00 |
| 1/24/19 | 1422 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 2/1/19 | 1435 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 2/8/19 | 1478 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 2/13/19 | 1502 | 440.00 | - | 44.00 | 10.00 | 15.00 | 660.00 |
| 2/22/19 | 1527 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 2/28/19 | 1543 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 3/8/19 | 1569 | 440.00 | - | 44.00 | 10.00 | 15.00 | 660.00 |
| 3/15/19 | 1592 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 3/22/19 | 1617 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 3/29/19 | 1646 | 80.00 | - | 80.00 | 10.00 | 15.00 | 1,200.00 |
| 4/5/19 | 1660 | 440.00 | - | 44.00 | 10.00 | 15.00 | 660.00 |
| 4/11/19 | 1693 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 4/19/19 | 1718 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 4/25/19 | 1743 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 5/13/19 | 1755 | 440.00 | - | 44.00 | 10.00 | 15.00 | 660.00 |
| 5/10/19 | 1793 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 5/17/19 | 1826 | 100.00 | - | 10.00 | 10.00 | 15.00 | 150.00 |
| 5/23/19 | 1849 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 5/30/19 | 1889 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 6/6/19 | 1921 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 6/14/19 | 1954 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 7/18/19 | 2095 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 7/25/19 | 2117 | 440.00 | - | 44.00 | 10.00 | 15.00 | 660.00 |
| 7/25/19 | 2122 | 80.00 | - | 8.00 | 10.00 | 15.00 | 120.00 |
| 6/19/19 | 1988 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 6/27/19 | 2015 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 7/5/19 | 2036 | 310.00 | - | 31.00 | 10.00 | 15.00 | 465.00 |
| 7/11/19 | 2068 | 80.00 | - | 8.00 | 10.00 | 15.00 | 120.00 |
| 08/01/19 | 5878 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 8/8/19 | 5921 | 170.00 | - | 17.00 | 10.00 | 15.00 | 255.00 |
| 8/15/19 | 5969 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 08/22/19 | 6011 | 310.00 | - | 31.00 | 10.00 | 15.00 | 465.00 |
| 08/29/19 | 6058 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 09/05/19 | 6103 | 285.00 | - | 28.50 | 10.00 | 15.00 | 427.50 |
| 09/12/19 | 6145 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 09/19/19 | 6190 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 09/26/19 | 6235 | 440.00 | - | 44.00 | 10.00 | 15.00 | 660.00 |
| 10/03/19 | 6285 | 500.00 | - | 50.00 | 10.00 | 15.00 | 750.00 |
| 10/10/19 | 6336 | 320.00 | - | 32.00 | 10.00 | 15.00 | 480.00 |
| 10/17/19 | 6390 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |

| 10/24/19 | 6442 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| 10/31/19 | 6486 | 200.00 | - | 20.00 | 10.00 | 15.00 | 300.00 |
| | **Totals for Marilena Perez** | 12,525.00 | | | | | 19,867.50 |

*on 04/04/20 at 2:26 PM*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| MARILENA PEREZ and MIRIAM MALAVE-VEGA on behalf of themselves and all other similarly situated persons, | ) ) ) | **EXHIBIT C** |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | |
| BUTTERBALL, LLC, NORTH STATE SERVICES, LLC, TIMOTHY REID FULCHER, and HEATHER BROOKE FULCHER, | ) ) ) ) | COLLECTIVE ACTION 29 U.S.C. § 216(b) |
| | ) | CIVIL ACTION NO.: |
| Defendants. | ) | 5:20-cv-113-FL |

## NOTICE OF STIPULTION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii), Fed.R.Civ.P., plaintiffs Marilena Perez and Miriam Malave-Vega, and defendants Butterball, LLC, North State Services, LLC, Timothy Reid Fulcher, and Heather Brooke Fulcher, by and through their respective undersigned counsel of record, hereby stipulate to the dismissal of this action with prejudice. Except as may have been agreed upon by the parties in a Settlement Agreement that the Court has approved in the above-captioned action, each party to this action shall bear his, her or its own costs and attorney's fees in this action.

This the ____ July, 2020.

Respectfully submitted this ____ day of May, 2020.

WHITE & ALLEN, P.A.                    LAW OFFICE OF ROBERT J. WILLIS, P.A.

/s/ John P. Marshall                          /s/ Robert J. Willis
John Marshall, Esq.                           Robert J. Willis, Esq.
NC Bar #26804                                 NC Bar #10730
jmarshall@whiteandallen.com                   rwillis@rjwillis-law.com

1

Mailing address:                          Mailing Address:
P.O. Box 27808                             P.O. Box 1828
Raleigh, NC 27611                          Pittsboro, NC 27312
Tel: (919)424-3850                         Tel: (919)821-9031
Fax: (919)786-9662                         Fax: (919)821-1763
Counsel for Defendants North State
        Services, LLC, Timothy Reid        (street address)
        Fulcher, and Heather Brooke Fulcher 488 Thompson Street
                                           Pittsboro, NC 27312
                                           Counsel for Plaintiffs


WOMBLE BOND DICKINSON (US) LLP

/s/ Hayden J. Silver III
Hayden J. Silver, III, Esq.
NC #10037
Theresa M. Sprain
N.C. Bar #24540)
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, North Carolina 27601 Telephone: (919) 755-2188
Facsimile: (919) 755-6099
E-mail: jay.silver@wbd-us.com
Counsel for Defendant Butterball, LLC

2

CERTIFICATE OF SERVICE

I hereby certify that on July ___, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: .

Hayden J. Silver III, Theresa M. Sprain, and John P. Marshall.

This the ___day of July 2020.

/s/Robert J. Willis
E-mail: rwillis@rjwillis-law.com
NC Bar No: 10730

3

# GENERAL RELEASE

WHEREAS, _____ (hereinafter, "Plaintiff") is a plaintiff in the above-captioned lawsuit (the "Lawsuit"); and

WHEREAS, the parties to the Lawsuit have agreed to resolve the disputes between them pursuant to the Settlement Agreement and Release approved by the Court;

THEREFORE, in consideration of the mutual covenants and promises made by the parties in the Settlement Agreement and Release approved by the Court, into which this General Release is incorporated by reference, and for other good and valuable consideration, the adequacy and sufficiency of which are expressly acknowledged, it is agreed as follows:

1. **General Release and Waiver of Claims by Plaintiff.** Plaintiff, for herself and her heirs, representatives, successors, and assigns, does hereby irrevocably and unconditionally release, acquit, and forever discharge Butterball, LLC, North State Services, LLC, Timothy Reid Fulcher, and Heather Brooke Fulcher, as well as Butterball, LLC's and North State Services, LLC's past, present, and future parent companies, subsidiaries, affiliates, related companies, officers, directors, employees, agents, attorneys, representatives, successors, and assigns from any and all claims, demands, causes of action, suits, and liabilities from the beginning of time until the date of this Agreement, including but not limited to claims arising from, out of, or otherwise relating to the Lawsuit. This general release includes any and all claims, demands, grievances, causes of action, suits, and liabilities of every kind, character, and description whatsoever, both legal and equitable, under federal or state statutes or common law, whether known or unknown, including but not limited to claims for compensatory damages, punitive damages, back pay reinstatement, attorneys' fees, expenses and costs, including but not limited to all claims arising under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-2A; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"), and the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 *et seq.*, as well as those claims which were or could have been included in the Lawsuit. Plaintiff agrees that Plaintiff is waiving Plaintiff's right to any monetary recovery should any governmental agency or entity, including but not specifically limited to, the Equal Employment Opportunity Commission and the Department of Labor, pursue any claims on Plaintiff's behalf. Nothing herein purports to release claims which may arise after the date on which this Agreement is executed or which cannot be released by law.

2. **Covenant Not to Sue.** Plaintiff hereby covenants and agrees that she will not file or permit to be filed on her behalf, any action, suit, or administrative proceeding, or take any other action which seeks to pursue or enforce any claim, demand, cause of action, suit, or liability which she has released herein.

3. **Severability.** If any provision of this General Release as applied to any party or to any circumstance shall be deemed to be illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect the remainder hereof or its validity or enforceability in any jurisdiction.

4. **Entire Agreement; Modification.** This General Release, along with the Settlement Agreement and Release into which it is incorporated by reference, constitute the entire agreement between the parties with respect to the subject matter hereof, and supersedes all prior or contemporaneous agreements, whether written or oral. This General Release may be amended, modified, supplemented, waived, discharged, or terminated only by a written document signed by all parties hereto and approved by the Court.

5. **Choice of Law.** This Agreement is intended and shall be construed in accordance with the laws of the State of North Carolina, or applicable federal law.

6. **Acknowledgment.** Plaintiff represents and warrants that she has been given a reasonable period of time to consider this Agreement; that she has read the entire Agreement; that she has been provided with a translation into Spanish by her counsel as necessary; that she has consulted her attorney about the meaning and intent of the Agreement; and that she enters into this Agreement of her own free will, without coercion, undue influence, threat, or intimidation of any kind, with the intention of being legally bound to its terms. Plaintiff acknowledges and agrees that she has not previously assigned or transferred any claims that she has released by this Agreement.

**THE UNDERSIGNED HEREBY STATES THAT SHE HAS CAREFULLY READ THE FOREGOING AGREEMENT, KNOWS THE CONTENTS THEREOF, AND SIGNS THE SAME OF HER OWN FREE ACT.**

This the _____ day of _____, 2020.


_____
Signature


_____
Printed Name